STATE, *ex rel.* THE BARNETT NATIONAL BANK OF JACK-
SONVILLE, C. S. L'ENGLE and D. M. BARNETT, individ-
ually and as trustees under · that certain deed of trust
dated September 16, 1938, and FRANK ADAMS, v. MILES
W. LEWIS, Judge Circuit Court of Duval County, and
Lawrence Adams.

189 So. 673
Opinion Filed May 3, 1939
Rehearing Denied June 23, 1939

*Fleming, Hamilton, Diver & Jones, Jennings & Watts,
Stockton, Ulmer & Murchison,* for Relators;

*Milam, McIlvaine & Milam, Stafford Caldwell* and
*Charles Cook Howell,* for Respondents.

PER CURIAM.—Pursuant to Chapter 17976, Acts of 1937,

petition was filed in the Circuit Court of Duval County seeking the appointment of a curator for the estate of Frank Adams. Various motions were addressed to said petition and denied, one of which was a motion to dismiss on the ground that after the petition was filed, Frank Adams placed his estate in the hands of reputable trustees who were safeguarding it under the terms of the trust so created.

When the motions addressed to the petition were denied, appeal was taken to this Court from the orders denying them. On application for supersedeas, the trustees submitted themselves to the jurisdiction of this Court for the purpose of being enjoined from exercising their power of revocation under the trust deed. The decision of the Court below on the main appeal was sustained. *In Re:* Adams Estate, Fla. 185 So. 153.

As soon as the mandate in the latter case went down, the Court appointed a committee to examine Frank Adams and make report as to his physical and mental condition. Lawrence Adams then filed a petition in the same praying that the trustees and the trust estate be required to submit themselves to the jurisdiction of the Court and plead to the petition in order that the estate be preserved and the decree appointing the curator might not become nugatory and of no effect.

The Circuit Court granted the prayer of the latter petition and required the trustees to come in and plead on or before February 10, 1939. The trustees deeming that the Circuit Court was without jurisdiction to make such an order, sought for and obtained a rule *nisi* in prohibition. For return to the rule *nisi*, the Circuit Court asserts that he has jurisdiction of both the trustees and the trust estate and is authorized to make appropriate orders affecting them.

The sole question with which we are confronted is whether or not under the facts stated, the Circuit Court had power to require the trustees to submit themselves to the jurisdiction of the court and plead to the rule *nisi* in prohibition.

Relators contend that Chapter 17976, Acts of 1937, must be strictly construed and that when so done, the Court could not acquire jurisdiction over the person of the trustees or the trust estate, that the Act and proceeding goes solely to the competency of Frank Adams to manage his estate and that this is the only question the Court has power to determine.

It is quite true that the competency of Frank Adams is the first question confronting the Court and if the estate was in his hands, there would be no occasion to require third parties to come in but when the preservation of the estate is the ultimate object to accomplish and such estate has been vested by the owner in others as trustees, certainly they may be required to become parties to the cause.

It would be an idle ceremony to hold that one charged with being incompetent to manage his estate could dispose of his property pending a proceeding of this kind and by that means defeat the purpose the Act drawn in question was designed to accomplish. Courts will not permit the Act to be defeated in this manner.

The Court is clothed with power to make such orders and decrees as may be proper to require the trustees to preserve the estate. It may make them the curators if it be shown that one be necessary, but to insure that the estate will be present when the main question is determined both the trustees and the estate may be brought under the Court's jurisdiction.

This cause is in its nature, equitable and being so, the Court was clothed with power to make any order affecting

the rem pending the determination of the question of the competency of Frank Adams.

It follows that the rule *nisi* must be and is hereby discharged.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.