ALVA BRAND v. NELLIE ANDERSON and JAMES PARKER, as Curator.

192 So. 194
Division A
Opinion Filed November 17, 1939
Rehearing Denied December 8, 1939

*Henry L. Williford* and *James E. Kirk,* for Appellant; *Clyde H. Wilson,* for Appellees.

TERRELL, C. J.—In October, 1938, Nellie Anderson filed a petition in the Circuit Court as provided by Chapter 17976, Acts of 1937, for appointment of a curator to look after and preserve the properties of her mother, Beulah M. Parker.

Testimony was taken and the chancellor finding the petition to be well grounded, appointed James Parker, a son of Beulah M. Parker, as curator of her estate.

In November, 1938, Alva Brand petitioned the Court to be permitted to intervene and become a party to the curatorship proceeding, his petition alleging that he was the one referred to in the petition as having by threats and undue influence obtained from Beulah M. Parker, a deed to certain property without consideration. The motion to intervene was granted and the intervenor moved to vacate the order appointing the curator. Testimony was taken and the Court denied the motion to vacate the latter order, at the same time deleting therefrom any reference to conveyances secured by designing persons from Beulah M. Parker without consideration. This appeal is from the order appointing the curator and from the order refusing to vacate such appointment.

The major portion of appellant's brief is devoted to the contention that the petition for appointment of the curator is insufficient because it shows in its face that if Beulah M. Parker was incompetent, she became so before the effective date of Chapter 17976, Acts of 1937, that said Act is prospective in its operation and has no application to persons who became incompetent before it became effective.

Section 1 of Chapter 17976. is the pertinent part of the Act and is as follows:

"Whenever, hereafter, any person permanently or temporarily residing in this State, shall become physically incapacitated, or feeble-minded or epileptic or so mentally or physically defective by reason of age, sickness, use of drugs, the excessive use of alcohol, or for other causes that he or she is unable to take care of his or her property, and in consequence thereof, is liable to dissipate or lose the

same, or to become the victim of designing persons, it shall be lawful for either mother, father, brother, sister, husband, wife, child, next of kin, and in case there be no such relatives, in the judicial circuit where the person to be cared for resides, then the Sheriff of the County where the person to be cared for resides, to present to a judge of the circuit court, sitting in chancery, of the county in which said person to be cared for resides, his or her petition, under oath, setting forth the facts, naming all members of the family known to such petitioner, together with their addresses, if known, praying the court to adjudge such person to be unable to take care of his or her property, and to appoint a curator for the estate of such person."

After alleging the names and residences of the relatives of Beulah M. Parker, the petition states that she has for some time and is now physically and mentally unable to take care of her property, that she is subject to delusions and designing persons and has already through undue influence parted with some of her property. There are other allegations in the petition, some of which have no place in it but as we said in the case of *In Re:* Adams Estate, 135 Fla. 139, 185 So. 153, they are not material and may be treated as surplusage.

Likewise the contention that Chapter 17976 is prospective and applies only to those who become incapacitated to take care of their property after its passage is without merit. The incapacity warranting the appointment of a curator speaks as of the date the petition therefor is filed. The date the incapacity actually took place is not material if it is present when the petition is filed. It may have had its inception that day or it may have been years before; in fact, the actual time the incapacity took place would often

be speculative and one upon which proof and opinion would be at variance.

Acts of this kind have been passed in many States and while their validity has often been assailed, they have generally been upheld. They should, however, be construed and administered with caution. They should be literally followed and employed to preserve the estates of incompetents and should never be permitted to be used by designing friends or relatives to strip them of their holdings. In our view, the petition in this case met the requirements of the Act and the evidence warranted the appointment of a curator.

Having reached this conclusion, we think it follows that the intervenor had no standing as such in the case. It is quite true that Section 3 of Chapter 17976 provides that "any person interested may intervene in such proceedings with leave of court." Section 9 of the 1931 Chancery Act also provides for intervention by anyone claiming an interest in the litigation but that such intervention shall be in subordination to, and in recognition of the propriety of the main proceeding unless otherwise ordered by the court in its discretion.

Intervention was sought on the theory that the intervenor was the one referred to in the petition as having threatened and intimidated Beulah M. Parker and induced her to deed him certain of her lands without consideration, and that the fact of granting the curatorship bound him in actions that had been or might be brought to cancel his claim to said lands.

Any such finding or suggestion that may have been so construed was stricken from the court's order naming the curator and when due, there was nothing left but the appointment of the curator. The order appointing the curator

having been properly made, there was nothing in it for the appellant to appeal from. It in no way affected any action that had been or might be brought to cancel deeds held by appellant. If attacked, their validity must be determined in different actions affected by different principles of law. Appellant was therefore a stranger to the record and not a party entitled to intervene under the provisions of the Chancery Act or Chapter 17976, Acts of 1937. The order appointing the curator affected no substantial right of appellant and being so, even if erroneous, he had no right to appeal from it.

It is contended by appellant that the only real basis for the curatorship was to set aside conveyances previously made to him by Beulah M. Parker. The record does not support this contention but points rather to the fact that the purpose was to prevent her from deeding away other properties belonging to her. The court might direct the curator to bring suits to cancel conveyances made by his ward but any such suits would have to be defended on their merits as presented by the pleadings entirely independent of the order appointing the curator.

Other questions argued have been considered but they present no reversible error so the judgment is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.