Wentworth, Judge.
This is an appeal from an order of the circuit court appointing appellee curator for appellant, his daughter, pursuant to Chapter 747.06, et seq., Florida Statutes (the act). Because there are provisions in the act which are expressly applicable in this situation, we affirm.
Appellant is a 32 year old woman who has been diagnosed as suffering from chronic schizophrenia. She is a patient at Florida State Hospital in Chattahoochee, Florida, under involuntary commitment since she was found not guilty by reason of insanity of the murder of her grandmother. At the hospital, she is on continuous medication which controls her illness so that it is considered in a state of remission so long as she is under the influence of the drugs. However, the record reflects that she is incapable of being responsible for taking her own medication when she is not under the continuous supervision she receives at the hospital.
In early 1982, appellee filed a petition for adjudication of incompetency and appointment of a guardian. After a court appointed examining committee denied that appointment appellee filed an amended petition seeking appointment of a curator. After a hearing, the trial court entered an order containing the following findings of fact:
*696 1. That MARY LYNN JACKSON suffers a disability in the form of mental illness and is found to suffer from chronic schizophrenia, paranoid type. It appears that the condition of MARY LYNN JACKSON is in remission because of medication and therapy presently administered to her at Florida State Hospital.
2. That MARY LYNN JACKSON is under the following disabilities which require the appointment of a Curator of her property:
a. Her mental illness as described above.
b. The order of involuntary commitment entered by Judge Soud on December 3, 1981.
3. The court finds that MARY LYNN JACKSON is in a protective institution at the Florida State Hospital which does not afford her the appropriate means and opportunity to manage her property effectively.
4. The court finds that upon final distribution of the estate of Kathleen Spake, deceased, (maternal grandmother of MARY LYNN JACKSON) that the estate of MARY LYNN JACKSON will be worth approximately $20,000.00 including a 1971 2-door Volkswagon automobile now in the possession of John Joseph Jackson, Jr., a checking account at a bank in Neptune Beach, Florida, and monthly income from the Social Security Administration.
Based on the above, the trial court made appellant a ward of the court and appointed appellee curator, empowering him with the same duties under court supervision as a guardian of the property of an infant would have. § 747.18, Florida Statutes.
Except for one significant change, which is the keystone of appellant’s argument, the Florida Curatorship Act is essentially the same as when it was enacted in 1937. The referenced change was the repeal of § 747.-05 in 1957. Chapter 57-762, § 1, Laws of Florida (1957). The repealed section provided as follows:
747.05 Curators, appointment. — Any circuit court, in the exercise of its equity jurisdiction, may appoint a curator to take charge of, manage and conserve the property of any person permanently or temporarily residing in this state, who shall become physically incapacitated, or feeble minded, epileptic or so mentally or physically defective by reason of age, sickness, use of drugs, the excessive use of alcohol, or for other causes that he or she is unable to take care of his or her property, and in consequence thereof, is liable to dissipate or lose the same, or to become the victim of designing persons. (e.s.)
Reduced to its essentials, appellant’s argument is that the repeal of § 747.05 left the act devoid of standards for the appointment of curators for disabled persons, and the legislature therefore intended to effectively repeal the curatorship act.[1] Appellant recognizes that the constitutionality of the act was upheld prior to the repeal of § 747.05,[2] but contends that its constitutionality with respect to disabled persons rested on that section, and that the act is now vague, overbroad, and obsolete. We cannot agree with that contention for several reasons.
First, the statute was always general in its standards in that it was not limited to the specified disabilities named therein, but also provided for appointment of a curator if “for other causes ... he or she is unable to take care of his or her property, ...” Thus, the standards that existed before the repeal of § 747.05 were not significantly different from those remaining in § 747.06. The statute now provides that a petition for curatorship must “set forth facts and reasons why it is proper, appropriate, and reasonably necessary for the best interest of such person that such appointment be *697 made,” and permits curatorship only until the person in question is “able to properly care for .. . his property.” (e.s.) §§ 747.06 and 747.17, Florida Statutes. Since the standards were not significantly more limited prior to 1957, we conclude that the repeal of § 747.05 did not render the remaining portions of the act invalid or inapplicable in the circumstances here presented.
Second, it cannot be said that the act is obsolete except when it is utilized in conjunction with the management of decedent’s estates,[3] because of the presence of provisions in the current act which may only be construed as applying to living persons and which would be nullified by our adoption of appellant’s position. For example, § 747.11 provides that the person for whom the curator is appointed shall be a ward of the court. Specific provisions require that the court shall supervise the ward and provide an allowance for him. § 747.11; § 747.13. Finally, § 747.17 provides for discharge of .the curator upon recovery of the ward. Although it may be that the act would benefit from further legislative attention, we cannot reconcile the cited provisions with the assertion that the legislature, by repealing § 747.05, intended to repeal all provisions for curator-ship based on disability. The act having previously been upheld against constitutional attack, we are not inclined to accomplish such a repeal by judicial fiat.
Because there is competent substantial evidence in the record supporting the appointment of appellee as appellant’s curator, the order of the trial court is affirmed.
SHIVERS, J., concurs.
JOANOS, J., dissents, with opinion.

. Appellant argues that the remaining provisions in the act are applicable only when invoked in conjunction with §§ 733.501-509, Florida Statutes, pertaining to the appointment of curators of decedents’ estates.

. In Re Adams’ Estate, 185 So. 153 (Fla.1938).

. See footnote 1.