JOANOS, Judge,
dissenting.
Jn 1957, the Florida legislature repealed § 747.05, Florida Statutes. This was the section which set forth the standards for the appointment of a curator for incapacitated persons. I cannot agree with the majority’s view that what is left of the law is sufficient so that curatorship is still available judicially in regard to the property of disabled persons. To allow a judge to strip a person of the control of their property when it is “... necessary for the best interest of such person ...” is just not enough to satisfy the constitutional requirements of due process.
The majority bottoms its analysis on the determination by the Florida Supreme Court in In Re Adams’ Estate, 185 So. 153 (Fla.1938) that the law with § 747.05 intact was constitutional. They then state that the former standard included the allowance of a curator being appointed if “for other causes ... he or she is unable to take care of his or her property .... ” They then reason that the remaining standards are not “significantly different” than the previous standards. The fallacy with their position is that the Adams’ case did not pass on the “for other causes” language of the earlier standard. The Florida Supreme Court had before it a petition alleging “weak-mindedness and physical incapacity” under the pri- or statute and limited its analysis to that situation. Id. at 156. The court even refused to consider the constitutionality of the statute as to “... persons who are only physically incapacitated to take care of their own property.” Id.
I agree with the analysis that the apparent purpose of the repeal of § 747.05 was to “... remove the court’s authority to appoint a curator for the disabled.” See The Florida Bar Continuing Legal Education, Florida Guardianship Practice, Section 1.16, 1978. Under current law, it is the guardianship law of Florida contained primarily in Chapter 744, Florida Statutes, which provides for the protection of the property of disabled or “incompetent” persons. The definition of “incompetent” is set forth in § 744.102(5) as “... a person who, because of minority, mental illness, mental retardation, senility, excessive use of drugs, or alcohol, or other physical or mental incapacity, is incapable of either managing his property or caring for himself, or both.” Appellant, having been measured by that *698 standard and determined not to be incompetent, is entitled to manage her own property-